# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 2, 2026

* * * * * * * * * * * * *
|  |  |  |
|---|---|---|
| SANDY M. FOUKARAKIS, | * | UNPUBLISHED |
|  | * |  |
| Petitioner, | * | No. 20-1547V |
|  | * |  |
| v. | * | Special Master Dorsey |
|  | * |  |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * |  |
|  | * |  |
| Respondent. | * |  |
|  | * |  |

* * * * * * * * * * * * *

Phyllis Widman, Widman Law Firm, LLC, Linwood, NJ, for Petitioner.
Felicia Langel, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On November 9, 2020, Sandy M. Foukarakis ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that the influenza ("flu") vaccine she received on November 8, 2018 caused Guillain-Barré syndrome ("GBS"); chronic inflammatory demyelinating polyradiculoneuropathy ("CIDP"), transverse myelitis ("TM"), as well as "[h]eadaches, loss of motor function, loss of bladder function, vision changes/optic neuritis, and/or other eye condition(s), and/or significantly aggravated a condition."  Petition at Preamble (ECF No. 1);

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Amended ("Am.") Petition at Preamble (ECF No. 7). On May 21, 2025, the undersigned issued a Decision dismissing Petitioner's petition. Decision dated May 21, 2025 (ECF No. 122).

On September 21, 2025, Petitioner filed an application for attorneys' fees and costs. Petitioner's Final Motion for Fees and Costs ("Pet. Mot."), filed Sept. 21, 2025 (ECF No. 126). Petitioner requests compensation in the amount of $31,168.95, representing $25,772.75 in attorneys' fees, $5,283.00 in attorneys' costs, and $113.20 in Petitioner's personally incurred costs. Id. at 2. Respondent filed his response on September 23, 2025, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot., filed Sept. 21, 2025, at 2 (ECF No. 127). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of her counsel, Ms. Phyllis Widman: $480.00 per hour for work performed in 2024 and 2025. Petitioner also requests a rate of $175.00 per hour for work performed by her counsel's paralegal in 2024.

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein. The undersigned has reviewed the submitted billing entries and finds small reductions necessary for billing entries for non-compensable tasks (e.g., filing and "optimizing" documents)[3] as well as excessive time spent briefing.[4] This results in a reduction of $2,022.90[5] in attorneys' fees. Therefore, Ms. Widman is awarded $23,749.85 in attorneys' fees.[6]

Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded: $5,283.00 in attorneys' costs and $113.20 in Petitioner's personally incurred costs.

---

[3] These entries are dated February 5, 2024 ("filing"); February 7, 2024 (same); March 20, 2024 (same); March 25, 2024 ("optimization of .pdf and labeling of exhibit"); April 17, 2024 ("filing"); May 3, 2024 ("optimized and labeled exhibit"); May 17, 2024 ("filing"); June 3, 2024 (same); July 18, 2024 (same); July 19, 2024 (same). For these entries, the undersigned will reduce Ms. Widman's fees by $532.50. This is not a new issue to Ms. Widman as her attorneys' fees were reduced in the interim fees and costs decision issued in this matter.

[4] For the pre-hearing submission, Ms. Widman billed 15 hours for a 13-page brief (excluding the title page and witness list page), and after the hearing was cancelled, Ms. Widman prepared a 5-page supplemental brief, for which she spent 5.7 hours. This totals 20.7 hours or $9,936.00. The undersigned finds this excessive and will cut this time by 15%, resulting in a reduction of $1,490.40.

[5] $532.50 + $1,490.40 = $2,022.90.

[6] $25,772.75 - $2,022.90 = $23,749.85.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS IN PART** Petitioner's motion for attorneys' fees and costs.

| | |
|---|---|
| Requested Attorneys' Fees: | $25,772.75 |
| Reduction of Attorneys' Fees: | - $2,022.90 |
| Awarded Attorneys' Fees: | $23,749.85 |
| | |
| Requested Attorneys' Costs: | $5,283.00 |
| Reduction of Attorneys' Costs: | - $0.00 |
| Awarded Attorneys' Costs: | $5,283.00 |
| **Total Attorneys' Fees and Costs:** | **$29,032.85** |
| | |
| Petitioner's Requested Costs: | $113.20 |
| **Total Awarded Petitioner's Costs:** | **$113.20** |

**Accordingly, the undersigned awards:**

**Petitioner is awarded attorneys' fees and costs in the total amount of $29,146.05 (representing $29,032.85 for Ms. Widman and $113.20 for Petitioner's personally incurred costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[7]

**IT IS SO ORDERED.**

> **/s/ Nora Beth Dorsey**
> Nora Beth Dorsey
> Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.